# THE AUGUSTINE KOBBE.

## REVERE COPPER CO. *et al. v.* THE AUGUSTINE KOBBE.

### *(Circuit Court, S. D. Alabama.* June 24, 1889.)

**1. MARITIME LIENS—PRIORITIES.**

After return from a foreign voyage, a coasting trip for repairs and to earn freight on the way to the port of loading for abroad again is to be considered a voyage, when the contemplated foreign voyage is broken up by seizure of the vessel; and creditors on this domestic trip will be paid in full, although no funds will remain to satisfy those of the late foreign voyage.

**2. EVIDENCE—PAROL TO VARY WRITING.**

In a suit in admiralty by prior creditors to enforce their claims against a vessel, evidence is admissible of an agreement between master and charterer, not incorporated in the charter-party, to pay off prior liens.

**3. MARITIME LIENS—PRIORITIES.**

Under the circumstances of this case, one chartering a vessel with knowledge of existing liens must, when the voyage is broken up, have his damage by breach of charter subordinated to the earlier claims; but he will be allowed moneys advanced for the necessities of the vessel, and will be paid *pari passu* with these liens.

**4. SAME—PAYMENTS FOR SUPPLIES.**

Payment at the request of the master, just before her seizure, of a ship's draft for necessary supplies, furnished on an earlier foreign voyage, imports a maritime lien that will be satisfied out of the proceeds of her sale.

**5. SAME.**

Supplies delivered in New York to an agent of the ship in a ship-yard at Jersey City give a general maritime lien.

**6. SAME—REPAIRS.**

When a ship purports to hail from a foreign port, and the carpenter is not informed to the contrary, repairs, exclusively on her credit, import a general maritime lien, and the owner is estopped from setting up that she is a domestic vessel.

In Admiralty. On appeal from district court. 37 Fed. Rep. 696, 702.

The Kobbe, after a voyage from Portland, Me., to South America, and return to Providence, R. I., was repaired at Jersey City for another South American voyage, and started for Pensacola to receive her outward cargo, calling at Mobile to deliver a Mobile cargo taken on at New York. While there, the master abandoned his proposed voyage to South America for one on more advantageous terms to Great Britain, for the firm of Martin, Taylor & Co., of Mobile, whereupon sundry creditors seized the vessel, had her sold under order of the district court, and established their claims by suit in that court. The opinion of TOULMIN, district judge, in the court below, as well as a full statement of the facts, will be found reported in the two cases of *The Kobbe,* 37 Fed. Rep. 696, 702. The only new facts elicited in the circuit court were that the copper purchased for the vessel from the Revere Company was delivered to the ship's agent in New York, and was there punched for her use before being sent over to Jersey City to be put on her; and that the New Jersey carpenters, Gokey & Son, knew nothing of the ownership of the vessel except that a maritime register gave her as owned in New Eng-

land; that the name painted on the stern marked her as of Searsport, Me.; and that Alfred Conover, the master, who contracted for the repairs, and whose wife now claims to own the vessel, and to reside in New Jersey, had at one time lived in Philadelphia. The appeal was argued for two days before Mr. Circuit Justice LAMAR and Mr. Circuit Judge PARDEE. The opinion here reported was filed by the court rather as an explanation of the decree rendered than as an exhaustive opinion. Under the facts, the court did not find it necessary to pass on the relative rank of statutory and maritime liens. Part of the money allowed Edwards and Martin, Taylor & Co. was, in fact, advanced by them to pay off stevedores, who are given a lien by the Alabama statute, and the decree ranks these claims as equal to maritime claims, although the opinion is silent on the point. The decree rendered was in these words:

"This cause came on to be heard on the appeal of the Revere Copper Company, William Gokey & Son, John S. Adamson, and J. R. Edwards, libelants and petitioners in the case, and was argued, whereupon, and it appearing that in the district court the said bark Augustine Kobbe was sold by the order of court, and the proceeds thereof, $6,350, paid into court, of which sum has been paid and distributed in the court below the costs of the sale, and the costs of the district court, the seamen's wages, and bills for pilotage and towage, amounting to some $1,746.40, which leaves in the registry of this court, to be distributed, under the decree to be herein rendered, among the several libelants having liens, the sum of $4,603.60, it is ordered, adjudged, and decreed that the following named claims and liens, incurred in the port of Mobile, and on the last voyage of the said Augustine Kobbe, to-wit, from the port of Providence, R. I., via New York, to the port of Mobile, be paid *pro rata* out of said fund, after all the costs of this court shall be taxed by the clerk, and paid, to-wit: to Martin, Taylor & Co., the sum of $993; to Joseph R. Edwards, the sum of $560.74; to Charles A. Leanman, the sum of $61.90; to L. P. Waganer, the sum of $34.70; to John Boyce, the sum of $15.30; to Baker, Carver & Co., the sum of $505.25; to William Gokey & Son, the sum of $1,818.23; to Revere Copper Co., the sum of $998.80. The remaining claims and liens, together with the claim of Richard Doughty, mortgagee, it is not necessary to rank and order paid, because they are postponed to the aforesaid claims, and there are no funds in court arising out of the sale of the said bark Augustine Kobbe to pay any part of them.

"*June* 21, 1889.　　　　[Signed]　"L. Q. C. LAMAR, Circuit Justice.
　　　　　　　　　　　　　　[Signed]　"DON A. PARDEE, Circuit Judge."

*G. L. & H. T. Smith,* for Revere Copper Company and Baker & Carver.

*Hamiltons & Gaillard,* for Steelman *et al.,* sailors, and for sundry petitioners.

*D. C. & W. S. Anderson* and *Hamiltons & Gaillard,* for Gokey & Son.

*Pillans, Torrey & Hanaw,* for Martin, Taylor & Co.

*J. L. & T. H. Smith,* for Edwards and Doughty.

*R. Inge Smith,* for Adamson and Gladding & Braley.

PER CURIAM. For the information of proctors and parties we give the following explanation of the decree handed down in this case: The funds in court are not sufficient to pay the conceded maritime liens in the case. For the purposes of determining priority, we have considered

that the last voyage was from the port of Providence, R. I., via New York, to the port of Mobile. Whether the trip from Portland, Me., to South America, and thence back to Providence, R. I., should be considered one or two voyages is immaterial. We think that the liens upon this last voyage are entitled to be paid in preference to those incurred on prior voyages. Martin, Taylor & Co., in Mobile, had knowledge of the liens which existed to a large amount against the Kobbe. There is evidence, which we think admissible, to show that Martin, Taylor & Co. agreed to advance the necessary sums to pay off or postpone those liens, so that the ship could make the voyage as contracted with Martin, Taylor & Co. Whether this contract was made or not we deem immaterial, because, with the knowledge Martin, Taylor & Co. had, they had no right to make a charter which, if the vessel should be seized, would further incumber her with large damages, growing out of the failure to comply with the charter-party. We think that Martin, Taylor & Co. should be allowed only the amounts advanced by them to the Kobbe for the necessities of the ship, and that any claim they may have for damages growing out of the breaking up of the voyage and the failure to comply with the charter-party should be postponed until valid liens are paid. As to the claim of Joseph R. Edwards, we allow him the amounts advanced by him for the necessities of the ship in the port of Mobile. The debt to L. P. Wright & Co., which was paid by the said Edwards at the request of the master, imported a lien upon the ship, for which a seizure could have been made, and was threatened. We think that for such advance Mr. Edwards is entitled to the regular maritime lien for necessary supplies furnished a ship in foreign ports. The copper furnished by the Revere Copper Company for the Kobbe was furnished in the port of New York, and to a vessel registered in Searsport, Me., and holding out Searsport, Me., as her home port, although then lying in the waters of New Jersey, and belonging to a party then living in New Jersey. We consider the copper as furnished in the port of New York on the credit of the ship. The bill of William Gokey & Son is for supplies and repairs furnished in Jersey City to a vessel registered in Searsport, Me., having painted on her stern, as required by the act of congress, "Augustine Kobbe, Searsport, Maine." She was thus held out by her owner as of Searsport, Me. Gokey & Son were not apprised, as the evidence clearly shows, of the fact that the residence of the owner was in New Jersey. The owner, therefore, is estopped from claiming other than Searsport, Me., as the home port, and we think, and so decide, that Searsport, Me., was, in the particular circumstances of this case as to him and the other parties interested, the home port of the vessel; that the credit for these supplies and repairs was given exclusively to the ship, and without any reference to the credit of the owner, and, therefore, that the claim imports a maritime lien upon the ship.